# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | | |
|---|---|---|
| RODRIGUEZ SAMUEL DA MATHA DE SANTANA, | * | |
| Plaintiff. | * | |
| vs. | * | Civil Action No. AW-09-1927 |
| STATE OF MARYLAND, *et al.*, | * | |
| Defendants. | * | |

******

## MEMORANDUM OPINION

Pending before the Court are three motions to dismiss (Doc. Nos. 12, 16, and 20) filed on behalf of the three remaining Defendants in this 42 U.S.C. § 1983 claim arising from the arrest and detention of the *pro se* Plaintiff. The Court has reviewed the motion and all supporting documents and finds that no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons articulated below, the Defendants' Motions to Dismiss are **GRANTED**.

## FACTUAL BACKGROUND

Plaintiff filed this *pro se* case on July 23, 2009, and the remaining Defendants are Martin O'Malley, governor of the state of Maryland; Glenn Ivey, state's attorney general for Prince George's County, Maryland, and Brian Lofton; commissioner for the District Court of Prince George's County, Maryland.[1] It appears that the incidents involved in this matter arose when Madeleine L. Ronchi, who was apparently a co-worker of Plaintiff at the time, called for the assistance of Prince George's County police officers on March 19, 2009, claiming that the Plaintiff had continually harassed her and threatened her life between March 10 and March 19, 2009. The officers who responded to the call allegedly suggested that Ms. Ronchi go to a court commissioner to make a charge of harassment against the Plaintiff. The record reflects that Ms.

---

[1] The Court previously dismissed the State of Maryland in an Order dated September 15, 2009.

Ronchi filed an Application for Statement of Charges on March 28, 2009, alleging that the Plaintiff harassed her. Based on the allegations contained in her Application for Statement of Charges, Brian Lofton, the court commissioner, issued a Statement of Charges and an Arrest Warrant for Plaintiff on March 28, 2009. Plaintiff was subsequently arrested on April 10, 2009. On the same day, Plaintiff had his Initial Appearance and was released from custody on personal recognizance. Plaintiff filed a written response to the charges against him in the state proceeding in which he essentially alleged that Ms. Ronchi made false statements in her allegation of harassment against him. State's Attorney General Ivy entered a *nolle prosequi* notice in the state matter on July 9, 2009, the date the trial was scheduled. Plaintiff then filed suit in this Court claiming that the Defendants violated his federal constitutional rights by falsely arresting him without evidence or preliminary inquiry. In essence Plaintiff is asserting a 42 U.S.C. § 1983 claim arising from his alleged unlawful seizure under the Fourth Amendment, namely an alleged arrest without probable cause.

## **STANDARD OF REVIEW**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Generally, a complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, the Supreme Court has directed courts that Rule 8 still requires a showing of "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In its determination, the Court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v.*

*Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In sum, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

## **ANALYSIS**

In pertinent part, 42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

It is well established that persons performing judicial functions within their respective jurisdiction are absolutely immune from suit on § 1983 claims that seek either monetary damages or injunctive relief. *Wadkins v. Arnold*, 214 F.3d 535, 538 n.5 (2000). Under Maryland law, district court commissioners are judicial officers and "may exercise the duties" of district court judges. *Rice v. Dunn*, 568 A.2d 1125, 1128 (Md. Ct. Spec. App. 1990) (citing Md. Code Ann., Cts. & Jud. Proc. § 2-607(c)(1) (2010)). Moreover, state officials sued in their official capacities are not subject to suit for monetary damages under § 1983; however, may be sued for injunctive relief. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) (citations omitted). On the other hand, state officials may be sued for monetary damages in their individual capacity but

only if they personally participated in the alleged deprivation of the plaintiff's rights. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

The standard for *pro se* complaints is less stringent than the standard for those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court must construe a *pro se* complaint liberally and allow a potentially meritorious case to develop. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Regardless of its liberal construction, however, a district court cannot ignore a failure to plead facts that set forth a cognizable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). Here, giving liberal construction to the Plaintiff's Complaint, the Court believes Plaintiff is alleging that the Defendants deprived him of his rights protected under the Fourth Amendment by arresting him without probable cause.

However, as indicated above, Plaintiff's suit against Brian Lofton is barred by judicial immunity because Lofton is a Commissioner for the District Court of Prince George's County, Maryland, who is a judicial officer of the Maryland State Court system. Moreover, Lofton issued the Arrest Warrant against Plaintiff based on Ms. Ronchi's Application for Statement of Charges, which asserted that Plaintiff had threatened her life. Thus, Lofton issued the Arrest Warrant as part of his judicial duties. Plaintiff asserts a claim against state officials in the executive branch of the Maryland State Government and appears to attempt to hold these executive officials liable for the acts of a judicial official. Nevertheless, the judiciary and executive branch of separate entities under Article 8 of the Maryland Declaration of Rights, and "no person exercising the functions of one of said Departments shall assume or discharge the duties of any other." Plaintiff has not alleged facts showing that either Governor O'Malley or State's Attorney General Ivey played any role in the arrest of Plaintiff, and thus there is no

cognizable claim against either of the Defendants. Accordingly, the Court finds that Plaintiff has not sufficiently pled a claim entitling him to relief under § 1983, or any other federal statutory provision, and grants the Defendants' Motions to Dismiss.

## **CONCLUSION**

For the reasons articulated above, the Defendants' Motions to Dismiss is **GRANTED**. A separate Order shall follow this Memorandum Opinion.

  May 21, 2010                                                                /s/
       Date                                                         Alexander Williams, Jr.
                                                                   United States District Court Judge